IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-03807-NYW-NRN

JOHN T. HESSERT,

    Plaintiff,

v.

THE STREET DOG COALITION,
KATRINA WESCHLER,
STACEY EVANS,
ANDREA ROMANO,
TOM HUDSON,
RACHAEL BROWN,
LISA CUMMINS DULCHINOS,
DOUG MCINNIS,
SANDRINE CHAUMETTE,
KYLIE CLARK,
WARREN JACKSON,
WENDY YAN HOPPE, and
SHOSHANA MOSTOLLER,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) (the "Motion" or "Motion for Interlocutory Appeal"). [Doc. 56]. For the reason set forth in this Order, the Motion is respectfully **DENIED**.

### BACKGROUND

Plaintiff John T. Hessert ("Plaintiff" or "Mr. Hessert") initiated this civil action on November 24, 2025. [Doc. 1]. The same day, he filed a Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 (the "First Motion for

TRO"). [Doc. 4]. The Honorable Richard T. Gurley ordered Plaintiff to correct certain deficiencies in his case within 30 days—namely, Plaintiff failed to submit his Complaint on the proper form and failed to adequately complete his motion for leave to proceed in forma pauperis. [Doc. 6]. Plaintiff filed an Amended Complaint the next day, [Doc. 7], but did not file a corrected motion for leave to proceed in forma pauperis. The Honorable Lewis T. Babcock then denied the First Motion for TRO without prejudice as premature, advising Plaintiff that "[t]o proceed with this action, [he] must first cure the filing deficiencies as ordered by the Court." [Doc. 10]. Plaintiff then filed a renewed motion for leave to proceed in forma pauperis, [Doc. 14], which Judge Gurley granted, [Doc. 16]. The case was then drawn to the Honorable N. Reid Neureiter. [Doc. 17].

Mr. Hessert then filed a "Motion for Order Drawing Case, Issuance of Summons and for Order Authorizing Alternate Service" (the "Motion for Alternative Service"). [Doc. 19]. Judge Neureiter set a Status Conference for January 5, 2026. [Doc. 20; Doc. 22]. He advised Plaintiff that he would "address [the Motion for Alternative Service] and other preliminary matters at the Status Conference" and that the Clerk of Court "cannot and will not issue any summons until these questions are resolved." [Doc. 22 at 2]. Mr. Hessert then objected to that order and filed a consent form indicating that he did not consent to magistrate judge jurisdiction. [Doc. 24; Doc. 26]. The case was reassigned to the undersigned District Judge, and this Court, as is standard practice, referred the case to Judge Neureiter pursuant to 28 U.S.C. § 636(b). [Doc. 25; Doc. 27]. The Court referred the Motion for Alternative Service to Judge Neureiter, as well, which is also standard practice. [Doc. 28].

2

Plaintiff took issue with the Court's referral. Over the course of several days, and among other filings, he submitted numerous motions asking the Court to withdraw its referrals or strike its prior orders. *See, e.g.*, [Doc. 30; Doc. 35; Doc. 36]. Plaintiff also submitted a Renewed Motion for Temporary Restraining Order and Preliminary Injunction (the "Renewed Motion for TRO"), [Doc. 32], and filed numerous documents requesting that the January 5 Status Conference be "stayed" or "postponed/vacated/re-scheduled," *see, e.g.*, [Doc. 30 at 4; Doc. 33]. On December 23, 2025, this Court overruled Plaintiff's objections to Judge Neureiter's order setting the January 5, 2026 Status Conference and referred one of Plaintiff's requests to reset the Status Conference to Judge Neureiter. *See* [Doc. 39].[1]

Then, on December 26, 2025, Plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit"), directed at the Court's December 23, 2025 Minute Order. [Doc. 45]. He simultaneously filed three additional motions. [Doc. 42 (a motion for clarification); Doc. 43 (a motion for the Court's recusal); Doc. 44 (a motion for stay of proceedings pending appeal)]. In light of Plaintiff's appeal and Plaintiff's numerous requests to postpone or reschedule the January 5, 2026 Status Conference, Judge Neureiter reset the Status Conference for February 27, 2026. [Doc. 50]. And

---

[1] In its December 23, 2025 Minute Order, this Court ruled on in part and referred in part "Plaintiff's Motion to Withdraw Referral of Motions to Magistrate [sic] and for Declaration of Improper Assignment Under D.C.COLO.LCivR 40.1(c)(2)(A) & Motion for Rescheduling Jan 5 teleconference," which is docketed at [Doc. 30]. *See* [Doc. 39 at 1, 2, 3]. However, the Minute Order contains a typographical error in its conclusion and inadvertently refers to this motion as docketed at [Doc. 31]. *See* [Doc. 39 at 3]. The Court thus **CLARIFIES** that its ruling in the December 23, 2025 Minute Order addressed [Doc. 30], not [Doc. 31]. The Clerk of Court is **DIRECTED** to amend the docket text of [Doc. 39] to reflect this clarification and is **DIRECTED** to **REINSTATE** the motion docketed at [Doc. 31], which is titled "Motion to Strike ECF 20 and ECF 22 from the record UNDER D.C.COLO.LCivR 40.1(c)(2)(a)."

3

despite the fact that Plaintiff was granted the relief he requested (postponement of the hearing), he filed an objection to Judge Neureiter's order resetting the Status Conference. [Doc. 52]. And despite Plaintiff's attempted interlocutory appeal to the Tenth Circuit, he has continued to file motions in this District. In all, Plaintiff has submitted approximately 30 filings since the case was drawn on December 8, 2025, including approximately 16 motions or objections that remain pending.

"In certain contexts, . . . the filing of a notice of appeal to an interlocutory order 'divests the district court of jurisdiction to proceed with any part of the action.'" *Coomer v. Make Your Life Epic LLC*, 671 F. Supp. 3d 1222, 1226 (D. Colo. 2023) (quoting *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990)). "However, there are pertinent limitations on this transfer of jurisdiction." *Howard v. Mail-Well Envelope Co.*, 150 F.3d 1227, 1229 (10th Cir. 1998). "First, no transfer [of jurisdiction] occurs if the appeal is taken from a nonappealable order." *Id.* "Second, the transfer affects only those aspects of the case involved in the appeal." *Id.* "Thus, when an appeal is taken from a limited interlocutory ruling, as opposed to one that affects the litigation as a whole, the district court may proceed with the case." *Id.*

Because Plaintiff has appealed a non-final, non-appealable order, the Court is not convinced that Plaintiff's Notice of Appeal divested this Court of jurisdiction over this case. *Id.*; *see also Hessert v. The Street Dog Coalition*, No. 25-1473, ECF No. 3 (10th Cir. Dec. 31, 2025) (the Tenth Circuit identifying a potential jurisdictional defect and inviting Plaintiff to file a jurisdictional brief by January 21, 2026); *cf. Coomer* 671 F. Supp. 3d at 1227 (explaining that a notice of interlocutory appeal divests the district court of jurisdiction only if "the interlocutory appeal is proper"). And because this Court believes that a ruling on

4

Plaintiff's Motion for Interlocutory Appeal may inform, or provide additional information in advance of, the Tenth Circuit's determination of jurisdiction over Mr. Hessert's appeal, the Court finds it appropriate to issue a limited ruling on this Motion even though Plaintiff's appeal remains pending in the Tenth Circuit.[2]

## ANALYSIS

Because Plaintiff proceeds pro se in this case, he is entitled to a liberal construction of his filings. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). But the Court cannot act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and the Court applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1235 (D. Colo. 2012). With these principles in mind, the Court turns to Plaintiff's arguments.

**Interlocutory Appeal Under 28 U.S.C. § 1292(b).** A district court may certify an issue for interlocutory appeal under § 1292(b) if three criteria are met: (1) the order involves a "controlling question of law;" (2) there is "substantial ground for difference of opinion" as to the resolution of the question; and (3) certification "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"A district court has discretion in determining whether to certify an order for interlocutory appeal." *Ebonie S. ex rel. Mary S. v. Pueblo Sch. Dist. 60*, No. 09-cv-00858-

---

[2] Plaintiff is advised, however, that due to the number of filings made in this case and the overlapping nature of many of those filings, the Court finds it most prudent to wait until the Tenth Circuit issues a jurisdictional ruling to take any additional action in this case. Accordingly, **this Court will not issue any additional rulings or take any additional action in this case unless and until the Tenth Circuit dismisses the appeal and this Court's jurisdiction is confirmed.**

5

WJM-MEH, 2011 WL 1882829, at *2 (D. Colo. May 17, 2011).  However, interlocutory appeals are "traditionally disfavored." *Vandiver v. MG Billing Ltd.*, No. 21-cv-02960-CNS-MDB, 2023 WL 3247286, at *1 (D. Colo. May 4, 2023).  This is because interlocutory appeals "are necessarily 'disruptive, time-consuming, and expensive' for the parties and the courts." *Vallario v. Vandehey*, 554 F.3d 1259, 1262 (10th Cir. 2009) (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000)); *see also Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 101 (E.D.N.Y. 2010) (observing that an interlocutory appeal may "prolong judicial proceedings, add delay and expense to litigants, burden appellate courts, and present issues for decisions on uncertain and incomplete records, tending to weaken the precedential value of judicial opinions").  Thus, courts only certify issues for interlocutory appeal in exceptional circumstances. *Vandiver*, 2023 WL 3247286, at *1.

Plaintiff argues that the Court's December 23, 2025 Minute Order involves "controlling questions of law with substantial ground for difference of opinion:  (1) [Local Rule 40.1(c)(2)(A)]'s proper construction; (2) whether the interpretation creates systemic deprivation of Article III adjudication for pro se/IFP litigants; and (3) whether it effectively refuses injunctive relief by perpetuating service blockage." [Doc. 56 at 1].  He believes that the original direct assignment of this case to Judge Neureiter was in error, and he asserts that "[i]mmediate appeal will materially advance termination by resolving the[] structural issues early, avoiding tainted proceedings, and clarifying service/injunction priority."  [*Id.*].

A "controlling" question of law for purposes of § 1292(b) is "one having the potential for substantially accelerating disposition of the litigation." *In re Grand Jury Proceedings*

6

*June 1991*, 767 F. Supp. 222, 225 (D. Colo. 1991).  The questions identified by Plaintiff do not meet this threshold.  Regardless of Plaintiff's position that the case was incorrectly assigned to Magistrate Judge Neureiter, the case is now assigned to the undersigned District Judge as the presiding judge, with Judge Neureiter in a referral capacity.  Thus, the question of the "proper construction" of Local Rule 40.1 has no bearing on this case going forward, as an Article III judge is and will continue presiding over this case.[3]  Moreover, the Court's December 23, 2025 Minute Order did not "effectively refuse[] injunctive relief by perpetuating service blockage."  [Doc. 56 at 1].  Judge Neureiter had a Status Conference set for January 5, 2026 for the purpose of discussing service issues with Plaintiff.  *See* [Doc. 20; Doc. 22].  Plaintiff requested a continuance of that hearing, *see* [Doc. 30], and that request was granted, [Doc. 50].  And Plaintiff's Renewed Motion for TRO, [Doc. 32], remains pending and will be ruled on in due course.

Nor is the Court persuaded that there are substantial grounds for difference of opinion with respect to the questions presented.  "A substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."  *Chamberlain v. Crown Asset Mgmt.*, 622 F. Supp. 3d 1068, 1072 (D. Utah 2022) (quotation omitted).  The questions identified by Plaintiff do not present novel or difficult issues of law, and Plaintiff "has not identified any split on any issue on which fair-minded jurists can reach, and have

---

[3] The Court acknowledges that Plaintiff has filed motions for this Court's and Judge Neureiter's recusal.  *See* [Doc. 34; Doc. 43].  Again, the Court will not enter an order on any additional motions unless and until the Tenth Circuit returns the case to this District Court.  *See supra* note 2.

reached, contradictory conclusions." *West-Helmle v. Denver Cnty. Judiciary*, No. 19-cv-02304-RM-STV, 2023 WL 2955320, at *4 (D. Colo. Apr. 14, 2023), *aff'd sub nom. West-Helmle v. Denver Dist. Attorney's Off.*, No. 24-1340, 2025 WL 2317368 (10th Cir. Aug. 12, 2025). Rather, the questions presented by Plaintiff simply reflect his subjective disagreements with this Court's minor case-management rulings thus far.

Finally, the Court disagrees that certification of an interlocutory appeal would materially advance the termination of this litigation, as Plaintiff suggests. *See* [Doc. 56 at 1]. An appeal over a direct assignment issue that has no bearing on this case going forward (given the subsequent reassignment of the case to this District Judge) would not materially advance this litigation. Rather, it would cause significant delay to a case that Plaintiff clearly wishes to proceed expeditiously. *See, e.g.*, [*id.* (requesting a ruling "within 7 business days"); Doc. 57 at 1 (requesting an "expedited ruling" on "Plaintiff's Motion for Clarification and to Compel Written Disclosure of Hearing Agenda and Justification for Ex Parte Proceeding and Stay of Service")]. Plaintiff has not demonstrated that any of the § 1292(b) factors are met, and the Court finds no basis to certify an interlocutory appeal under that statute.

**Appeal Under 28 U.S.C. § 1292(a)(1).** Plaintiff does not expressly invoke § 1292(a) in his Motion, but he does assert that "[u]nder the 'Practical Effect' doctrine established by the Supreme Court in *Carson v. American Brands, Inc.*, 450 U.S. 79 (1981), an interlocutory order that effectively blocks injunctive relief and causes irreparable harm is immediately appealable." [Doc. 56 at 1 (emphasis omitted and italics added)]. Section 1292(a) provides that interlocutory orders "refusing . . . injunctions" may be immediately appealable. 28 U.S.C. § 1292(a)(1). However, in *Carson*, the Supreme

8

Court explained that "[f]or an interlocutory order to be immediately appealable under § 1292(a)(1), . . . a litigant must show more than that the order has the practical effect of refusing an injunction." 450 U.S. at 84. Rather, an interlocutory appeal is available only if the litigant can show that "an interlocutory order of the district court might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal." *Id.* (quotation omitted). Plaintiff does not make any such argument here, *see* [Doc. 56], and has not made this showing.[4] This Court's order overruling Plaintiff's objection to the original assignment of this case to Judge Neureiter, after the case had already been assigned to the undersigned, does not create any "serious" or "irreparable" consequence.

**Plaintiff's Other Requests.** In the alternative, Mr. Hessert asks the Court to "immediately authorize alternative service via email/mail to moot the Defendant's evasion of service in violation of HB 24-1137 and alert them to the injunction motion"; "set an expedited deadline for Defendants' response to the pending Motion for Preliminary Injunction (2 weeks) and a further week after their response for Plaintiff to file his response to their response"; and "schedule a hearing on the merits of the injunction." [Doc. 56 at

---

[4] Moreover, Plaintiff's argument does not accurately reflect the record in this case. Plaintiff asserts that "[b]y substituting an Article III injunction hearing with a non-dispositive 'Status Conference' nearly two months away (ECF 50), this Court has created a structural blockade that constitutes an effective refusal to provide judicial review of an injunction motion." [Doc. 56 at 1]. The Court first notes that Plaintiff appears to challenge an order entered by Judge Neureiter, not this Court's December 23, 2025 Minute Order, which is the order over which he seeks an interlocutory appeal. Moreover, an "Article III injunction hearing" was never set in this case and was never "substitut[ed]" for a status conference. The January 5, 2026 Status Conference was postponed *because Plaintiff specifically asked for that relief*. [Doc. 30; Doc. 50]. None of this Court's or Judge Neureiter's rulings have precluded Plaintiff from seeking injunctive relief; indeed, his Renewed Motion for TRO remains pending. *See* [Doc. 32].

2]. But again, as explained above, the Court finds it most appropriate to wait for the Tenth Circuit's jurisdictional ruling before taking any further action in this case. To the extent that Plaintiff is concerned about the Rule 4(m) service deadline, he may file a motion for an extension of that deadline, <u>if necessary</u>, and <u>after the Tenth Circuit has issued a ruling on its jurisdiction over his appeal</u>.

The Court understands Plaintiff's desire to proceed with this case expeditiously given his serious allegations regarding the treatment of his dog. He is advised, however, that repeated filings of premature, duplicative, or frivolous notices of appeal, objections to magistrate judge orders, motions, or other filings will only serve to slow down the progression of this case. Similarly, demands for immediate rulings and repeated contacts to the Clerk's Office will not assist in the expedient resolution of this case. **Plaintiff is advised that if he continues to file excessive and duplicative motions, the Court may consider imposing filing restrictions.** *See Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."); *Greenlee v. USPS*, 247 F. App'x 953, 954 n.3 (10th Cir. 2007) (finding modest filing restrictions appropriate "to protect the limited resources of the district court" due to the "frequency, redundancy, [and] heft" of the litigant's filings). **Plaintiff is again advised that the Court will not take any further action in this matter unless and until the case is returned to this District Court by the Tenth Circuit, so he should refrain from filing additional motions until the Tenth Circuit has issued a ruling.**

**CONCLUSION**

For the reasons set forth in this Order, it is **ORDERED** that:

(1) Plaintiff's Motion for Certification of Interlocutory Appeal Under 28 U.S.C. § 1292(b) [Doc. 56] is **DENIED**.

DATED:  January 12, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

11