IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 25-cv-03807-NYW-NRN

JOHN T. HESSERT,

    Plaintiff,

v.

THE STREET DOG COALITION,
KATRINA WESCHLER,
STACEY EVANS,
ANDREA ROMANO,
TOM HUDSON,
RACHAEL BROWN,
LISA CUMMINS DULCHINOS,
DOUG MCINNIS,
SANDRINE CHAUMETTE,
KYLIE CLARK,
WARREN JACKSON,
WENDY YAN HOPPE, and
SHOSHANA MOSTOLLER,

    Defendants.

---

## ORDER

---

Plaintiff John T. Hessert ("Plaintiff" or "Mr. Hessert") initiated this civil action on November 24, 2025.  [Doc. 1].  Since that time, he has filed a number of motions taking issue with the original assignment of this case to the Honorable N. Reid Neureiter, this Court's subsequent referral of the case to Judge Neureiter under 28 U.S.C. § 636(b)(1), and various orders from Judge Neureiter and this Court.  See, e.g., [Doc. 34; Doc. 35; Doc. 41; Doc. 52].

The Court turns to three of those Motions now: (1) Plaintiff's Motion for Recusal of District Judge Nina Y. Wang and Supporting Affidavit of Bias (the "Motion for Recusal"), [Doc. 43], (2) Plaintiff's Request for Chief Judge Review and Correction of Assignment, [Doc. 36], and (3) Plaintiff's Request for Chief Judge Intervention and Reassignment (together with Doc. 36, the "Motion for Chief Judge Intervention"), [Doc. 60].[1] For the reasons set forth below, the Motions are respectfully **DENIED**.

I.  **Pro Se Filings**

Because Plaintiff proceeds pro se, the Court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But the Court cannot and does not act as his advocate, *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Plaintiff as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2008); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

II. **Motion for Recusal**

The Motion for Recusal seeks the Court's recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455(a). [Doc. 43 at 1]. Section 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause

---

[1] The Court acknowledges that, in one recent filing, Mr. Hessert states that he "[o]ffers apologies if his appeal or recusal motions were too strong and too early." [Doc. 65 at 2]. Because Mr. Hessert does not expressly withdraw his recusal motions, the Court addresses them in an abundance of caution and so that this litigation may proceed.

2

> shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

"[T]here is a presumption of impartiality on the part of judges as to matters before them." *United States v. Hall*, 424 F. Supp. 508, 534 (W.D. Okla. 1975), *aff'd*, 536 F.2d 313 (10th Cir. 1976). "Disqualification under 28 U.S.C. § 144 places a substantial burden on the moving party to demonstrate that the judge is not impartial, not a burden on the judge to prove that [s]he is impartial." *Trenton v. Experian*, No. 1:22-cv-00045-WJ-JHR, 2023 WL 3122468, at *2 (D.N.M. Apr. 27, 2023) (citing *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992)). To demonstrate that recusal is appropriate, the movant must demonstrate bias and prejudice that "must arise from an 'extrajudicial source' and result in an opinion 'on some basis other than what the judge learned from [her] participation in the case.'" *Davis v. Cities Serv. Oil Co.*, 420 F.2d 1278, 1282 (10th Cir. 1970) (quoting *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)).

"Although § 144 provides for the assignment of the case to 'another judge' to hear the proceeding once a 'timely and sufficient affidavit' alleging bias or prejudice is proffered, it is still within the discretion of the trial court to determine, at the outset, the legal sufficiency of the affidavit supporting the motion." *United States v. Hudak*, No. 02-cr-01574-MCA, 2003 WL 27384952, at *5 (D.N.M. Oct. 14, 2003) (quotation omitted); *see also United States v. Haldeman*, 559 F.2d 31, 131 (D.C. Cir. 1976) ("It is well settled that the involved judge has the prerogative, if indeed not the duty, of passing on the legal sufficiency of a Section 144 challenge."). "If the affidavit does not provide timely or

sufficient grounds for recusal, then no further hearing is required, particularly where such a hearing would cause unnecessary delay." *Hudak*, 2003 WL 27384952, at *5.

Affidavits in support of a request to recuse under § 144 are "strictly construed against the affiant" and "[c]onclusions, rumors, beliefs and opinions are not sufficient to form a basis for disqualification." *Burger*, 964 F.2d at 1070.  The party seeking recusal "must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances" suggesting the judge's partiality.  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  Whether to recuse is within the trial court's discretion. *Burger*, 964 F.2d at 1070.

Mr. Hessert argues that the Court's December 23, 2025 Minute Order "commits error of law," the Court's December 18, 2025 Minute Order "cherry-picks to re-scrutinize approved matters," and that the Court's rulings "perpetuate mis-assignment, making [the Court] part of the dispute." [Doc. 43 at 7].  He asserts that these factors "create[] bias appearance, warranting recusal." [*Id.*].  However, court rulings are not "extrajudicial" and cannot support recusal under § 144, *Blakely v. USAA Cas. Ins. Co.*, No. 2:06-cv-00506 BSJ, 2012 WL 6115625, at *2 (D. Utah Dec. 10, 2012), and so Mr. Hessert's complaints about this Court's adverse rulings do not establish *extrajudicial* bias requiring recusal under § 144.  Indeed, Mr. Hessert does not assert, let alone support with specific facts, any argument that the Court's rulings were "derived from any extrajudicial source beyond the papers and record in this case." *Fregia v. Miranda*, No. 21-cv-01068-AWI-BAM, 2022 WL 4135090, at *2 (E.D. Cal. Aug. 2, 2022) ("Plaintiff's disagreement with the Court's rulings is not a legitimate ground for seeking recusal or disqualification.").[2]  For these

---

[2] Plaintiff also asserts that "by failing to vacate" Judge Neureiter's order warning Plaintiff that "harassment of or disrespect to court staff will not be tolerated," *see* [Doc. 22 at 2],

4

reasons, the Court finds no basis for recusal under § 144.  *See Springer v. Seventh Jud. Dist. Ct.*, No. 23-cv-00499-MIS-JMR, 2023 WL 7130721, at *5 (D.N.M. Oct. 30, 2023) (denying motion to recuse where the only stated basis for recusal was judicial rulings).

The Motion for Recusal also seeks recusal under 28 U.S.C. § 455(a).  [Doc. 43 at 1].  This statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Plaintiff argues that "[t]he pattern" of "errors of law, cherry-picking, [and] prejudice" creates an appearance of partiality.  [Doc. 43 at 6].

"The standard for disqualification under § 455(a) is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality."  *David v. City and Cnty. of Denv.*, 101 F.3d 1344, 1350 (10th Cir.1996) (quotation omitted).  "In conducting this review, we must ask how these facts would appear to a well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person."  *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (quotation omitted).  Importantly, "[t]here is as much obligation for a judge not to recuse when there is no occasion for [her] to do so as there is for [her] to do so when there is."  *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Plaintiff's request for recusal is entirely based on his disagreement with this Court's orders.  *See* [Doc. 43].  It is well-settled that adverse rulings, or rulings that a litigant disagrees with, do not demonstrate bias and do not provide a basis for recusal, *United*

---

this Court relied on "extra-judicial hearsay" and acted with "extra-judicial bias," [Doc. 43 at 4].  This argument remains tethered to the record in this case and does not constitute a source of extrajudicial bias warranting recusal.  *Fregia*, 2022 WL 4135090, at *2; *cf. Trenton*, 2023 WL 3122468, at *2 (Section 144 "do[es] not require recusal based only on assumptions about a judge's beliefs that are not substantiated by the facts of record.").

5

*States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020).  The Court's rulings in this case would not cause a reasonable person, knowing all of the relevant facts, to harbor doubts about the Court's impartiality.  *David*, 101 F.3d at 1350.  Accordingly, the Court finds no basis to recuse under § 455.  The Motion for Recusal is thus **DENIED**.

**II.     Motion for Chief Judge Intervention**

Plaintiff has also filed motions asking Chief Judge Philip A. Brimmer to "review and correct the initial direct assignment of this case to Magistrate Judge N. Reid Neureiter," [Doc. 36 at 1] and "to intervene in this matter . . . and address the pending recusal motions . . . under 28 U.S.C. § 144," [Doc. 60 at 1].

With respect to Plaintiff's second request, as explained above, a motion under § 144 is properly initially screened by the subject judge to determine the affidavit's sufficiency.  *Hudak*, 2003 WL 27384952, at *5; *Haldeman*, 559 F.2d at 131.[3]  And if the affidavit is insufficient, "then no further hearing is required."  *Hudak*, 2003 WL 27384952, at *5.  Accordingly, there is no proper basis for Plaintiff to ask Judge Brimmer to resolve motions in this case.

With respect to Plaintiff's first request, it is well established that a party may not hand-select the judicial officer presiding over his case.  "In a case not assigned to a Chief United States District Judge, the Chief Judge does not have the legal authority to review the rulings of other district judges or magistrate judges in the district."  *Chytka v. Wright Tree Serv., Inc.*, No. 11-cv-00968-REB-KLM, 2014 WL 4197564, at *1 (D. Colo. Aug. 25,

---

[3] After the entry of this Order, the Court will refer Plaintiff's Motion for Recusal, Reassignment and Removal of Magistrate Judge N. Reid Neureiter from this Civil Action, [Doc. 34], to Judge Neureiter so that he can rule on Plaintiff's request for his recusal.

2014).[4]  There is thus no basis for Plaintiff's request that another judge in this district review judicial orders in this case.  The Motion for Chief Judge Intervention is **DENIED**.

## CONCLUSION

For the reasons set forth in this Order, it is **ORDERED** that:

(1) Plaintiff's Request for Chief Judge Review and Correction of Assignment [Doc. 36] is **DENIED**;

(2) Plaintiff's Motion for Recusal of District Judge Nina Y. Wang and Supporting Affidavit of Bias [Doc. 43] is **DENIED**;

(3) Plaintiff's Request for Chief Judge Intervention and Reassignment [Doc. 60] is **DENIED**; and

(4) A copy of this Order shall be mailed to Plaintiff.

DATED:  February 24, 2026

BY THE COURT:

*Nina Y. Wang*
Nina Y. Wang
United States District Judge

---

[4] Thus, to the extent Plaintiff asks that this case be reassigned to a different district judge and magistrate judge, [Doc. 60 at 2], there is no right to such relief, *see Chytka*, 2014 WL 4197564, at *1 (a plaintiff is "not entitled to demand reassignment" of a case).  Plaintiff's request to vacate prior Court orders is also denied, as there is no basis to do so.