**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03807-NYW-NRN

JOHN T. HESSERT,

      Plaintiff,

v.

THE STREET DOG COALITION,
KATRINA WESCHLER,
STACEY EVANS,
ANDREA ROMANO,
TOD HUDSON,
RACHAEL BROWN,
LISA CUMMINS DULCHINOS,
DOUG MCINNIS,
SANDRINE CHAUMETTE,
KYLIE CLARK,
WARREN JACKSON,
WENDY YAN HOPPE, and
SHOSHANA MOSTOLLER,

      Defendants.

---

**MINUTE ORDER**

---

Entered by Judge Nina Y. Wang

This matter is before the Court on Plaintiff's Motion for Preparation of Transcript at Government Expense Pursuant to 28 U.S.C. § 753(f) and Motion to Toll Deadline for Rule 72 Objections to ECF No. 104, [Doc. 107], and Plaintiff's First Supplement to Motion for Preparation of Transcript at Government Expense Pursuant to 28 U.S.C. § 753(f) and Motion to Toll Deadline for Rule 72 Objections to ECF No. 104, [Doc. 108] (collectively, the "Motion").

Plaintiff asks this Court to enter an order "directing preparation of the official transcript of the March 30, 2026 status conference (ECF No. 100) at the expense of the United States pursuant to 28 U.S.C. § 753(f)."  [Doc. 107 at 1].  He also asks that the Court extend the deadline to object to Judge Neureiter's April 3, 2026 Recommendation and Order on Various Motions, Including Plaintiff's Request for Alternative Service (the "Recommendation"), [Doc. 104]—currently set at April 17, 2026—"until 14 days after the transcript is filed on the docket," *see* [Doc. 107 at 1].

"In civil litigation a plaintiff is not entitled to a transcript as a matter of right." *Evans v. City of Tulsa*, 951 F.2d 1258, 1992 WL 2882, at *2 (10th Cir. Jan. 7, 1992). "Two statutes must be considered whenever the district court receives a request to prepare transcripts at the government's expense." *Gonzales v. Riddle*, No. 03-cv-05363-LJO-DLB, 2008 WL 4723779, at *1 (E.D. Cal. Oct. 24, 2008). "First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis." *Id.* That statute provides, in pertinent part, that "the court may direct payment by the United States of the expenses of . . . preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title." 28 U.S.C. § 1915(c) (emphasis added).

Second, 28 U.S.C. § 753(f)—the statute cited in Plaintiff's Motion—states that "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f) (emphasis added).

Based on the plain language of these two statutes, Plaintiff is not entitled to a copy of the Status Conference transcript at the government's expense. First, § 1915 "expressly limits the court's authority to charge the United States for transcription expenses [to instances] where *the district court* requires a transcript to review matters considered by a magistrate judge." *Horton v. Doe*, No. 09-cv-02220-WJM-KMT, 2012 WL 400352, at *1 (D. Colo. Feb. 8, 2012). This Court has not required that a copy of the transcript be filed on the docket and affirmatively concludes that it does not require a copy of the transcript to review any objections to Judge Neureiter's Recommendation. While Judge Neureiter may have discussed various issues with Plaintiff at the hearing, Judge Neureiter's analysis, findings, and rulings—i.e., the matters subject to objection under Rule 72, *see* Fed. R. Civ. P. 72(a)–(b)—are all contained in his written Recommendation, *see* [Doc. 104]. Accordingly, the requirements of § 1915 have not been met here. *See Horton*, 2012 WL 400352, at *1 (denying motion requesting transcripts where the district judge "ha[d] not indicated that he require[d] the transcripts sought by Plaintiff to review that Recommendation").

Section 753(f) is also inapplicable here. As set forth above, this statute permits a party who has been granted leave to proceed in forma pauperis *on appeal* to obtain transcripts at the government's expense for purposes of that appeal. *See* 28 U.S.C. § 753(f); *see also Toaz v. Lane*, No. 3:17-cv-01425, 2019 WL 1264880, at *3 (M.D. Pa. Mar. 19, 2019) ("[U]nder this statute, an indigent party is entitled to a transcript at public expense *only on appeal*, and only if the indigent litigant demonstrates that the appeal is not frivolous and presents a substantial question."). There is no active appeal in this case, nor has the Court entered any final, appealable order. While an objection to a magistrate judge's recommendation has similarities to an appeal, an objection to a magistrate judge's order or recommendation is nevertheless distinct from an appeal of a district judge's final order or judgment. *Compare* Fed. R. Civ. P. 72(a)–(b) (discussing the process of

objecting to a magistrate judge's nondispositive orders and recommendations), *with* Fed. R. App. P. 4 (discussing the process of appealing a final order or judgment).  Because there is no appeal in this case, this statute does not apply.  *See Toaz*, 2019 WL 1264880, at *3  (finding motion for transcripts premature "as the transcript at issue is not sought for the purpose of appellate review").

Because there is no statutory basis for this Court to enter an order requiring the government to bear the costs of preparing a transcript from the March 30 Status Conference, Plaintiff's Motion is **DENIED** to the extent he requests that relief.

However, to the extent Plaintiff's Motion may be construed to request an extension of the objection deadline, the Motion is **GRANTED in part**.  To ensure that Plaintiff has adequate time to prepare any objections in light of this Court's determination that it will not order the preparation of a transcript at the government's expense, the deadline to object to Judge Neureiter's April 3 Recommendation is **EXTENDED** to **14 days after the date of this Order**.

Finally, Plaintiff is respectfully **DIRECTED** to review this Court's Standing Order Regarding the Use of Generative Artificial Intelligence ("AI") in Court Filings.  The Standing Order requires all litigants to include an "AI Certification" with "[e]very filing" indicating whether AI was used in drafting the filing.  Although this Court has not struck Plaintiff's non-compliant filings thus far, he is expressly advised that his pro se status does not exempt him from complying with the Standing Order, and all future filings shall contain the required AI Certification.  Future filings that do not comply with the Standing Order may be stricken.[1]

Accordingly, **IT IS ORDERED** that:

(1)    Plaintiff's Motion for Preparation of Transcript at Government Expense Pursuant to 28 U.S.C. § 753(f) and Motion to Tille Deadline for Rule 72 Objections to ECF No. 104, [Doc. 107], considered alongside Plaintiff's First Supplement to Motion for Preparation of Transcript at Government Expense Pursuant to 28 U.S.C. § 753(f) and Motion to Tille Deadline for Rule 72 Objections to ECF No. 104, [Doc. 108], is **GRANTED in part** and **DENIED in part**;

(2)    Plaintiff's deadline to object to Judge Neureiter's Recommendation and Order on Various Motions, Including Plaintiff's Request for Alternative Service [Doc. 104] is **EXTENDED** to **14 days after the date of this Order**;

---

[1]  The Standing Order is available on the District of Colorado's website at: http://www.cod.uscourts.gov/Portals/0/Documents/Judges/NYW/NYW_Standing_Order_ Regarding_AI_Certification.pdf.

(3)    Plaintiff is **DIRECTED** to review the Court's Standing Order and Regarding the Use of Generative Artificial Intelligence ("AI") in Court Filings and is **ADVISED** that future filings must comply with the Standing Order; and

(4)    A copy of this Minute Order shall be mailed to:

> John T. Hessert
> General Delivery
> Bellingham, WA 98225

DATED:  April 13, 2026