**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-03807-NYW-NRN

JOHN T. HESSERT,

      Plaintiff,

v.

THE STREET DOG COALITION,
KATRINA WESCHLER,
STACEY EVANS,
ANDREA ROMANO,
TOM HUDSON,
RACHAEL BROWN,
LISA CUMMINS DULCHINOS,
DOUG MCINNIS,
SANDRINE CHAUMETTE,
KYLIE CLARK,
WARREN JACKSON,
WENDY YAN HOPPE, and
SHOSHANA MOSTOLLER,

      Defendants.

---

### MINUTE ORDER

---

Entered by Judge Nina Y. Wang

This matter is before the Court on Plaintiff's Second Supplemental Motion to Modify ECF No. 109: Renewed Request for Audio Recording (Not Written Transcript) of the March 30, 2026 Status Conference at Government Expense Pursuant to 28 U.S.C. § 753(f); Motion to Toll Rule 72 Objection Deadline; Motion to Strike Unsupported Sanctions Threat in ECF No. 104; and Request for Clarification of Procedural Record for Purposes of De Novo Review and Appellate Protection (the "Motion") filed on April 14, 2026. [Doc. 115].

On March 30, 2026, United States Magistrate Judge N. Reid Neureiter held a Status Conference. [Doc. 100]. On April 3, 2026, Judge Neureiter issued a Recommendation and Order on Various Motions, Including Plaintiff's Request for Alternative Service (the "Recommendation"), which ruled on several of Plaintiff's motions and made recommendations on many others. *See* [Doc. 104]. On April 10, 2026, Plaintiff filed a motion asking for a Court order "directing preparation of the official transcript of the March 30, 2026 status conference (ECF No. 100) at the expense of the United States

pursuant to 28 U.S.C. § 753(f)."  [Doc. 107 at 1].  This Court denied that request in a Minute Order entered April 13, 2026.  [Doc. 109].  The Court explained that there was no statutory provision that permitted the Court to grant the requested relief, as § 753(f) applies only to appeals.  [*Id.* at 2].  Moreover, the Court explained that 28 U.S.C. § 1915 provided a separate bar to Plaintiff's request, as this district court did not require a transcript of the Status Conference to rule on any forthcoming objections.  [*Id.*].  The Court also directed Plaintiff's attention to the Court's Standing Order Regarding the Use of Generative Artificial Intelligence ("AI") in Court Filings, which is applicable to all litigants appearing before this Court, and advised Plaintiff that further failures to comply with the Standing Order may result in his filings being stricken.  [*Id.* at 3].

Plaintiff now asks this Court to modify its April 13, 2026 Minute Order and enter various forms of relief.  *See generally* [Doc. 115].  Plaintiff's requests are discussed in turn below.

***Audio Recording and Certification Under § 753(f).***  Plaintiff asks this Court to "[o]rder preparation of the official audio recording (MP4 digital file via AO-436) of the March 30, 2026 status conference at government expense, with full waiver of the $34.00 fee."  [*Id.* at 1].[1]  He relatedly asks this Court to "[c]ertify pursuant to 28 U.S.C. § 753(f) that this action is not frivolous and that the audio recording is necessary to decide the issues presented in Plaintiff's forthcoming objections to the Magistrate Judge's Recommendation."  [*Id.*].  He argues that "Title 28 U.S.C. § 753(f) expressly provides that a litigant proceeding in forma pauperis is entitled to a transcript (or its functional equivalent) at government expense when the court certifies that the suit is not frivolous and that the record is "needed to decide the issue presented."  [*Id.* at 4 (quoting 28 U.S.C. § 753(f))].

However, as the Court previously explained, § 753(f) plainly applies to appeals— not objections to magistrate judge recommendations.  *See* [Doc. 109 at 2]; 28 U.S.C. § 753(f).  This Court has already ruled that § 753 does not provide a statutory basis for Plaintiff's request, and Plaintiff's Motion does not address that ruling or the plain language of § 753(f).  Accordingly, the Court continues to hold that § 753(f) does not apply in this case.

Plaintiff's Motion cites no other legal authority that supports his request for a waiver of the audio recording fee.  *See generally* [Doc. 115].  Because the Supreme Court has stated that "the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress," *United States v. MacCollom*, 426 U.S. 317, 321 (1976), and because Plaintiff has not directed the Court to any statutory authority supporting his

---

[1] The Court takes judicial notice that the District of Colorado's Fee Schedule imposes a $34.00 fee for a reproduction of an audio recording of a court proceeding.  *See* http://www.cod.uscourts.gov/CourtOperations/FeeSchedule.aspx; *see also* Fed. R. Evid. 201(b)(2).

request, this request is **DENIED**.[2]  *See Raiser v. City of Temecula*, No. 17-cv-00217-RGK-RAO, 2018 WL 6219906, at *1 (C.D. Cal. June 22, 2018) (denying indigent pro se litigant's request for waiver of audio recording fee); *cf. Martin v. McNut*, No. 08-cv-01578-CMK-P, 2011 WL 4543039, at *1 (E.D. Cal. Sept. 28, 2011) ("[P]roceeding in forma pauperis does not entitle a party to the waiver of anything other than court filing fees.").

*Tolling the Objection Deadline.*  Plaintiff asks the Court to "[t]oll the Rule 72 objection deadline until 14 days after the audio recording is docketed and made available to Plaintiff." [Doc. 115 at 1].[3]  The Court has already denied Plaintiff's request for a waiver of the audio recording fee, so his request to indefinitely toll the objection deadline is denied.

Plaintiff later suggests that he needs more than 14 days to object to Judge Neureiter's Recommendation due to delays in receiving Court filings in the mail.  [*Id.* at 6–7].  He argues that the Court's previously granted 14-day extension of time "affords only a few working days after actual receipt," which is "insufficient time to prepare specific, record-based objections without the audio." [*Id.* at 7].  In support, Plaintiff asserts that, at the time he filed his Motion on April 14, 2026, he had not yet received the Court's Minute Order entered on April 13, 2026.  *See* [*id.* at 6–7].  He does not represent, however, that he has not received a copy of the Recommendation, which was issued on April 3.  *See* [*id.*].  It is unclear to this Court why Plaintiff must receive a copy of the Court's April 13 Minute Order to properly object to the Recommendation.  Nevertheless, the Court will permit Plaintiff **one** additional extension of time to object to the Recommendation.  Plaintiff's objection deadline is **EXTENDED** to **14 days after the date of this Order, or May 1, 2026.  Plaintiff is advised that no further extensions of time will be granted absent extraordinary circumstances**, and a lack of transcript or audio recording of the Status Conference will not constitute extraordinary circumstances sufficient to permit another extension.  Accordingly, this portion of the Motion is **GRANTED in part** and **DENIED in part**.

*Striking Judge Neureiter's Order.*  In his Recommendation, Judge Neureiter cautioned Plaintiff "that suing a dozen individual board members or officers for supposed illegality by the non-profit organization on which they serve without a good faith, plausible

---

[2] Plaintiff cites case law standing for the proposition that a district judge must review the complete record in ruling on objections to a magistrate judge recommendation, *see Gee v. Estes*, 829 F.2d 1005, 1009 (10th Cir. 1987), and asserts various reasons he believes an audio recording is required for this Court's complete review, *see* [Doc. 115 at 4–6 (Plaintiff arguing that the audio recording will confirm that certain things happened or were discussed during the hearing)].  This does not provide a basis to waive the audio recording fee.  This Court has access to an audio recording of the March 30 Status Conference, and Plaintiff is specifically advised that the Court will review the audio recording in full in ruling on any forthcoming objections.

[3] Plaintiff is advised that, should he order an audio recording of any proceeding, the audio recording cannot and will not be filed on the docket.  Rather, the audio recording would be mailed directly to Plaintiff.

basis for individual liability could result in sanctions.  Plaintiff should carefully evaluate the risks of proceeding against the individual Defendants and consider whether pursuing the individual Defendants named in his Amended Complaint is a wise use of energy and resources."  [Doc. 104 at 10 n.1].  Plaintiff asks the Court to "[s]trike the unsupported sanctions threat contained at ECF No. 104, p. 10, as premature and lacking any record support."  [Doc. 115 at 1].  There is no basis for the Court to do so.  If Plaintiff takes issue with Judge Neureiter's advisement, he may file formal objections under Rule 72.  This request is **DENIED**.

*Restoration of Full Motion Title.*  Plaintiff next asks for "restoration of the full title of any truncated docket entry (e.g., ECF No. 110)."  [*Id.* at 1, 21].  This request is not supported by any explanation or argument.  *See* [*id.*].  To the extent Plaintiff takes issue with the fact that the Clerk's Office has included only portions of the title of certain filings in the CM/ECF docket entry, there is no basis for any relief here.  This is a standard practice of the Clerk's Office to conserve space on the docket.  *See* Fed. R. Civ. P. 79(a)(3) (stating that docket entries "must <u>briefly</u> show the nature of the paper filed" (emphasis added)).  For example, the title of Plaintiff's filing docketed at Doc. 110 is approximately 100 words long, [Doc. 110 at 1], and would take up an unusually large amount of space if the entire title were included in the CM/ECF docket entry.  In making rulings in this case, the Court relies on the titles contained in the actual filings, not on the titles reflected on the CM/ECF docket.  This request is **DENIED**.

For the same reasons, Plaintiff's 2nd Motion to Correct Clerical Errors in Docket Entries(ECF No. 115, 22 pages, referring to ECF 109) Pursuant to Fed R. Civ. P. 60(a) and 79(a):  ECF 115 Title Truncated Without Legal Basis, [Doc. 117], is **DENIED**.  Plaintiff's Motion to Correct Clerical Errors in Docket Entries (ECF Nos. 110 and 113) Pursuant to Fed. R. Civ. P. 60(a) and 79(a):  ECF 110 Title Truncated Without Legal Basis, Omitting Katrina Weschler's Fraud as Former Registered Agent and Her Separate Personal Liability as a Named Defendant Distinct from the Board; ECF 113 Docket Title Incorrectly Substitutes "State" for "Statute," [Doc. 116], is **GRANTED in part** and **DENIED in part**.  It is **DENIED** to the extent it seeks a Court order directing the Clerk's Office to include the full titles of Plaintiff's filings on the CM/ECF docket.  It is **GRANTED** to the **limited extent** it requests that the Court direct the Clerk's Office to correct a typographical error in the docket entry text of [Doc. 113].  <u>As a one-time courtesy</u>, the Court will direct the Clerk of Court to amend the docket text of [Doc. 113] from "State" to "Statute."[4]

*Recusal.*  Plaintiff asks the Court to recuse from this case and to "[r]estrain from further contact with the plaintiff in any shape or form."  [Doc. 115 at 22].  This request is **DENIED** as duplicative.  The Court has already denied one recusal request, *see* [Doc. 71], and another motion to recuse is currently pending, [Doc. 79].  The Court will rule on Plaintiff's February 27, 2026 recusal motion in due course.  As Judge Neureiter has

---

[4] The Court notes that the motion filed at [Doc. 113] contains the word "statue," not "statute."  [Doc. 113 at 1].  The Court assumes that this was a typographical error, and based on Plaintiff's request, the Court will direct the Clerk's Office to replace "State" with "Statute."

previously explained to Plaintiff, *see* [Doc. 104 at 8–9], the District of Colorado is an extraordinarily busy judicial district, and filing duplicative motions will not result in Plaintiff getting an answer more quickly.  **Accordingly, Plaintiff is cautioned that the continuous filing of duplicative or frivolous motions may result in this Court imposing a filing restriction.**

  ***AI Standing Order.***  Finally, Plaintiff asks the Court to "[v]acate the reference to the standing order on AI as . . . not applicable and unconstitutional."  [Doc. 115 at 22]. Plaintiff argues that the Court's Standing Order improperly compels speech in violation of the First Amendment, violates his due process and equal protection rights, "encroaches upon" work product, and amounts to legislating from the bench.  [*Id.* at 8–9].  These arguments are without merit.  This request is **DENIED**.

  Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Second Supplemental Motion to Modify ECF No. 109:  Renewed Request for Audio Recording (Not Written Transcript) of the March 30, 2026 Status Conference at Government Expense Pursuant to 28 U.S.C. § 753(f); Motion to Toll Rule 72 Objection Deadline; Motion to Strike Unsupported Sanctions Threat in ECF No. 104; and Request for Clarification of Procedural Record for Purposes of De Novo Review and Appellate Protection [Doc. 115] is **GRANTED in part** and **DENIED in part**;

(2) Plaintiff's deadline to object to Judge Neureiter's Recommendation is **EXTENDED** to **May 1, 2026**.  **No further extensions of this deadline will be granted absent extraordinary circumstances**;

(3) Plaintiff's Motion to Correct Clerical Errors in Docket Entries (ECF Nos. 110 and 113) Pursuant to Fed. R. Civ. P. 60(a) and 79(a):  ECF 110 Title Truncated Without Legal Basis, Omitting Katrina Weschler's Fraud as Former Registered Agent and Her Separate Personal Liability as a Named Defendant Distinct from the Board; ECF 113 Docket Title Incorrectly Substitutes "State" for "Statute" [Doc. 116] is **GRANTED in part** and **DENIED in part**;

(4) The Clerk of Court is directed to replace the word "State" with "Statute" in the docket entry text associated with [Doc. 113];

(5) Plaintiff's 2nd Motion to Correct Clerical Errors in Docket Entries(ECF No. 115, 22 pages, referring to ECF 109) Pursuant to Fed R. Civ. P. 60(a) and 79(a):  ECF 115 Title Truncated Without Legal Basis [Doc. 117] is **DENIED**; and

(6)     A copy of this Minute Order shall be mailed to:

> John T. Hessert
> General Delivery
> Bellingham, WA 98225

DATED:  April 17, 2026