**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

**Civil Action No. 1:25-cv-03807-NYW-NRN**

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:35 am, Apr 20, 2026*
**JEFFREY P. COLWELL, CLERK**

**JOHN T. HESSERT,**

Plaintiff,


v.


**THE STREET DOG COALITION, et al.,**

Defendants.


---


**PLAINTIFF'S SUPPLEMENTAL EMERGENCY MOTION: DEMAND FOR FULL IDENTIFICATION OF CLERKS ("AGRYAN" AND "GGILL" AND OTHERS) FOR POLICE REPORT AND BIVENS ACTION; DEMAND FOR EXACT PROCEDURAL INSTRUCTIONS ON SERVICE ADDRESSES TO PREVENT RECIPROCAL DOXXING; AND SUPPLEMENTAL NOTICE OF STATUTORY VIOLATIONS REGARDING IMPROPER PUBLICATION OF PLAINTIFF'S PERSONAL MAILING ADDRESS IN DOCKET TITLE OF ECF NO. 121**


Plaintiff John T. Hessert, proceeding *pro se*, respectfully submits this **Supplemental Emergency Motion** pursuant to D.C.COLO.LCivR 7.2, Fed. R. Civ. P. 5.2(e), and the Court's inherent authority to protect litigants' safety and privacy. This supplements Plaintiff's Emergency Motion filed earlier today (April 18, 2026) at approximately 3:39 a.m. (ECF No. ___), as well as the three prior filings submitted early this morning referencing the same issues (docket-title irregularities and service-related privacy concerns).

Plaintiff incorporates by reference all prior filings in this case, including the Emergency Motion demanding immediate redaction of ECF No. 121 by 12:00 p.m. today, the renewed TRO/ Injunction motion, and all references to the pattern of improper docket titles that previously used the generic "Address of Record" but suddenly switched to publishing Plaintiff's full General Delivery address in the publicly searchable title of ECF No. 121.

### I. DEMAND FOR FULL LEGAL NAMES OF CLERKS ("AGRYAN," "GGILL," AND ANY OTHERS INVOLVED IN IMPROPER TITLE ENTRIES) FOR POLICE REPORT AND CIVIL ACTION

Plaintiff demands the full legal names and contact information of the Clerk's Office personnel identified only by initials "agryan" (who filed ECF No. 121) and "GGILL," plus any other clerks responsible for the pattern of truncated or altered docket titles (ECF Nos. 115–121 range). This information is required **immediately** for:

1. Filing a formal police report (or appropriate federal authorities) regarding the intentional disclosure of a private citizen/whistleblower's location in a public court docket.  This is doxxing and illegal.

2. Naming these individuals as defendants in a Bivens action for deprivation of constitutional rights under color of law (due process, privacy, and safety).  And for damages associated with intentional infliction of emotional distress, doxing.

Court personnel are not entitled to anonymity when their actions allegedly violate federal criminal statutes or constitutional protections. Fed. R. Civ. P. 4 requires accurate identification for service of process. Refusal to provide names would itself obstruct justice and violate Plaintiff's due-process and First Amendment rights to petition for redress. See *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (recognizing damages actions against federal officials for constitutional violations); *Hafer v. Melo*, 502 U.S. 21 (1991) (personal-capacity suits treat officials as individuals).

### II. THE DOXXING OF A WHISTLEBLOWER PLAINTIFF: CLEAR STATUTORY VIOLATIONS AND GOOD CAUSE FOR IMMEDIATE RELIEF

The Clerk's Office's decision to include Plaintiff's full mailing address ("General Delivery Bellingham, WA 98225") in the publicly searchable **title** of ECF No. 121—after previously using the generic "Address of Record"—constitutes unauthorized disclosure of personally identifiable information (PII) and creates an immediate, serious safety risk. Plaintiff has documented death threats and threats of serious physical harm in this case. Some of which came from Colorado and may be sourced from people associated with defendants. This disclosure of an address is not incidental; it is indexed by search engines and exposes a private whistleblower litigant.

This conduct violates or triggers the following (non-exhaustive) federal and state protections:

- **18 U.S.C. § 119 (Protection of Individuals Performing Certain Official Duties)**: Knowingly making restricted personal information (including home/General Delivery address) of a covered person—expressly including witnesses or parties in federal court proceedings—publicly available with intent to threaten, intimidate, or facilitate harassment is a federal felony. Given the documented threats against Plaintiff, the sudden switch from generic to full-address disclosure in the docket title supplies evidence of intent to incite harm.

- **18 U.S.C. § 1513 (Retaliation Against a Witness, Victim, or Informant)**: Targeting a plaintiff/witness by exposing location to obstruct or retaliate in a federal proceeding is prohibited.

- **Fed. R. Civ. P. 5.2(e) and D.C.COLO.LCivR 7.2**: The Court **must** order redaction of additional information or restrict access (Level 1 or higher) for good cause shown—here, protection of privacy and personal safety. The full address is irrelevant to public understanding of service; a generic title ("Certificate of Mailing re: Minute Order to Plaintiff") suffices. The responsibility for proper docket entries rests with court personnel when they themselves file the document.

- **Colorado Law (C.R.S. § 18-9-313 and related harassment/stalking statutes)**: Colorado prohibits publication of personal information of protected persons (including those at risk of threats) where it poses an imminent and serious threat to safety. While Plaintiff is a private whistleblower, the statute's policy against doxxing to incite harassment applies with full force, especially when combined with federal whistleblower protections and the Court's own redaction duties.

- **Additional Privacy Regulations**: Court clerks are bound by the general federal policy against unauthorized disclosure of PII (see Privacy Act principles under 5 U.S.C. § 552a, applied analogously to court records) and the Court's own Local Rules requiring protection of private information. Intentionally bypassing redaction protocols in a publicly viewable title—while the case already contains threats—constitutes abuse of administrative authority and potential "under color of law" conduct.

No less restrictive alternative exists: redaction of the address from the title and text of ECF No. 121 (and any related entries) is the minimal remedy. Plaintiff again requests **immediate Level 1 restriction** pending ruling.

### III. DEMAND FOR EXACT PROCEDURAL INSTRUCTIONS ON HOW TO PRESENT/

PRODUCE DEFENDANTS' ADDRESSES FOR SERVICE (PRIVACY PARITY)

The Court has NOT RULED / yet on Plaintiff's requests for email service or service at the Defendants' known business address (Shields Street which is what Katrina and the board just requested via writing the same day the previous recommendation 104 was issued) while simultaneously allowing the Clerk's Office to publish Plaintiff's address publicly. This creates unconstitutional "information asymmetry."

Plaintiff therefore demands an **immediate Order** specifying **EXACTLY** how the Court requires Plaintiff to produce the Defendants' personal or business addresses for service purposes, without creating reciprocal doxxing risk to any party:

- Must addresses appear in the **body of a public Notice**?

- Or must they be filed **under seal** / Level 1 restriction (accessible only to parties and Court)?

- Or via a restricted "Notice of Address for Service Purposes Only"?

Plaintiff will comply precisely with the Court's directive, but demands clarity now so that no party (including Plaintiff) is endangered by improper public disclosure. This parity is required by due process and the same privacy rules the Court must apply to Plaintiff.

### IV. EXIGENT CIRCUMSTANCES AND REQUEST FOR RELIEF

The address remains publicly visible as of the filing of this Supplemental Motion. It will for the duration of the weekend. Plaintiff will collect damages due to this. Plaintiff faces ongoing, escalating threats. The Clerk's actions have escalated from administrative error to potential criminal endangerment.  And clear doxxing, and deliberate tampering and harassment.

Plaintiff respectfully requests the Court **immediately** grant the following relief (by 12:00 p.m. today or as soon as practicable):

a. Order the Clerk to disclose the full legal names of "agryan," "GGILL," and any other involved clerks for police-report and Bivens purposes;

b. Direct immediate redaction and Level 1 restriction of Plaintiff's address from ECF No. 121 (title and text) and all related docket entries;  Peremeantly remove the address and just use phrase address of record, stop putting ecf docket entries as "cert of service".

c. Issue the exact procedural directive on service-address production requested in Section III;

d. Prohibit any further publication of any party's personal mailing addresses in public docket titles or entries without prior Court order and redaction/sealing;

e. Grant all other relief the Court deems just and proper to protect Plaintiff's safety and ensure due process.

Plaintiff certifies this motion is filed in good faith and reiterates all prior demands for monetary and injunctive relief set forth in today's earlier filings (including the $25,000-per-day continuing-tort claim against the District of Colorado and responsible parties for each day the address remains public, plus per-incident claims for improper titles, and monthly damages of 5k per month for delays in this action obstructing FRCP rule 1 due to the mis-assignment and subsequent refusal to handle a priority TRO Rule 65 motion). Failure to act will be treated as a continuing violation.

These filings are not frivolous but solely needed due to the unprofessionalism and harassment and errors ongoing by the District of Colorado, their clerks and judges.

Respectfully submitted this 18th day of April, 2026.

**/s/ John T. Hessert**

John T. Hessert, Plaintiff *Pro Se*

General Delivery

Bellingham, WA 98225

**CERTIFICATE OF SERVICE**

I certify that on April 18, 2026, a true copy of the foregoing was served via the Court's CM/ECF system a███████████████████████████████████████

**/s/ John T. Hessert**


---