**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 25-cv-03807-NYW-NRN

JOHN T. HESSERT,

      Plaintiff,

v.

THE STREET DOG COALITION,
KATRINA WESCHLER,
STACEY EVANS,
ANDREA ROMANO,
TOM HUDSON,
RACHAEL BROWN,
LISA CUMMINS DULCHINOS,
DOUG MCINNIS,
SANDRINE CHAUMETTE,
KYLIE CLARK,
WARREN JACKSON,
WENDY YAN HOPPE, and
SHOSHANA MOSTOLLER,

      Defendants.

---

## ORDER REGARDING FILING RESTRICTIONS

---

"[T]he right of access to the courts is neither absolute nor unconditional, . . . and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (per curiam). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests." *In re Sindram*, 498 U.S. 177, 179–80 (1991).

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007).   A filing restriction is appropriate where the Court has (1) described a litigant's history of abusive filings, (2) provided guidelines for what the litigant must do to obtain permission to submit additional filings, and (3) given the litigant notice and an opportunity to respond before the restrictions are implemented.  *Id.*  A district court's decision to impose filing restrictions is reviewed for abuse of discretion.  *Calvin v. Lyons*, 770 F. App'x 433, 434 (10th Cir. 2019) (citing *Tripati*, 878 F.2d at 354).

Plaintiff John Hessert ("Plaintiff" or "Mr. Hessert") initiated this civil action on November 24, 2025.  [Doc. 1].  In the five months since, he has inundated the docket with filings; by this Court's count, Plaintiff has filed approximately 49 motions and/or other documents seeking various forms of affirmative relief from the Court[1] and has submitted at least 17 other filings captioned as supplements, notices, or declarations.[2]  Aside from the sheer volume of his filings, many of Mr. Hessert's motions seek relief that is redundant or duplicative of motions previously filed, including both motions that have already been ruled on and motions that remain pending.

---

[1] *See* [Doc. 3; Doc. 4; Doc. 8; Doc. 9; Doc. 11; Doc. 12; Doc. 15; Doc. 19; Doc. 30; Doc. 31; Doc. 32; Doc. 33; Doc. 34; Doc. 35; Doc. 36; Doc. 41; Doc. 42; Doc. 43; Doc. 44; Doc. 47; Doc. 56; Doc. 57; Doc. 60; Doc. 65; Doc. 66; Doc. 70; Doc. 79; Doc. 81; Doc. 85; Doc. 89; Doc. 92; Doc. 95; Doc. 98; Doc. 101; Doc. 107; Doc. 110; Doc. 112; Doc. 113; Doc. 115; Doc. 116; Doc. 117; Doc. 119; Doc. 122; Doc. 123; Doc. 124; Doc. 125; Doc. 127; Doc. 129; Doc. 136].

[2] *See* [Doc. 21; Doc. 23; Doc. 37; Doc. 38; Doc. 48; Doc. 51; Doc. 53; Doc. 67; Doc. 68; Doc. 76; Doc. 77; Doc. 87; Doc. 88; Doc. 94; Doc. 108; Doc. 118; Doc. 126].

For example, on December 19, 2025, Plaintiff filed a Renewed Motion for Temporary Restraining Order and Preliminary Injunction. [Doc. 32 (the "December Motion for TRO")].[3] Then, in February—and although the December Motion for TRO was still pending—Plaintiff filed another Renewed Motion for Emergency Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause, [Doc. 65 (the "February Motion for TRO")], which seeks (in part) relief identical to the relief sought in the December Motion, *compare* [Doc. 32 at 2 (requesting the Court to enter a temporary restraining order "as set forth in" the proposed order associated with Plaintiff's original motion for temporary restraining order], *and* [Doc. 4-1 at 1 (proposed restraining order enjoining Defendants from conducting, advertising, or operating any veterinary clinics or charitable activities until they maintain a registered agent in Colorado)], *with* [Doc. 65 at 15 (requesting this same injunctive relief)]. This Court referred the December and February Motions for TRO to the Honorable N. Reid Neureiter. [Doc. 73]. Judge Neureiter issued a Recommendation on April 3, 2026, recommending that this Court deny those Motions. [Doc. 104]. Prior to filing objections to Judge Neureiter's Recommendation,[4] Plaintiff filed yet another motion for temporary restraining order or preliminary injunction on April 20, 2026 that "renew[ed] his original ECF 4, 32, 37 65 70 etc." [Doc. 124 at 1].

Similarly, on April 15, 2026, Plaintiff filed a motion to "correct clerical errors" on the electronic docket, taking issue with the fact that the docket did not reflect the entire title

---

[3] Plaintiff filed an original Motion for Temporary Restraining Order and Preliminary Injunction Pursuant to Fed. R. Civ. P. 65 on November 24, 2025. [Doc. 4]. The Honorable Lewis T. Babcock denied that motion as premature on December 1, 2025. [Doc. 10].

[4] Plaintiff filed objections to the Recommendation on April 30, 2026. [Doc. 130]. The Court will rule on these objections in due course.

of some of his filings.  [Doc. 116].  He filed another motion requesting this same relief on

April 16, 2026, [Doc. 117], and a third motion on April 17, 2026, [Doc. 119].  This Court

denied the first two motions on April 17, 2026,[5] explaining that truncating the titles of

Plaintiff's various filings—which are frequently quite long—"is a standard practice of the

Clerk's Office to conserve space on the docket."  [Doc. 120 at 4].  In other words, the

Court made clear that it would not grant this relief.  But despite this clear ruling, Plaintiff

filed yet another motion requesting this same type of relief on April 20, 2026.  [Doc. 123].

These two examples are far from exhaustive.  Plaintiff has filed seven motions to

recuse the undersigned and/or Judge Neureiter, most of which raise redundant

arguments that have already been rejected by this Court and/or Judge Neureiter, *see*

[Doc. 34; Doc. 43; Doc. 79; Doc. 95; Doc. 98; Doc. 113; Doc. 127], as well as five other

filings that also cursorily seek recusal or reassignment of the case, [Doc. 35 at 9; Doc. 36

at 1; Doc. 41 at 7; Doc. 60 at 1; Doc. 117 at 2].  While Plaintiff's motion for alternative

service was still pending, *see* [Doc. 19], he filed at least four other motions requesting

that same relief, *see* [Doc. 56 at 2; Doc. 66; Doc. 85; Doc. 98 at 10].  And recently, after

this Court denied Mr. Hessert's request under 28 U.S.C. § 753(f) for a waiver of the fee

to obtain an audio recording of the March 30, 2026 Status Conference, *see* [Doc. 120];

*see also* [Doc. 109 (this Court explaining why § 753(f) does not apply in this case)],

Plaintiff filed yet another motion seeking a fee waiver (without acknowledgment of the

---

[5] The third motion requesting correction of "clerical errors" was docketed just shortly before the Court's April 17, 2026 Minute Order issued.  For the reasons set forth in that Minute Order, *see* [Doc. 120], Plaintiff's Consolidated Third Motion to Correct Clerical Errors in Docket Entries Pursuant to Fed. R. Civ. P. 60(a) and 79(a), [Doc. 119], is **DENIED**.

Court's prior rulings), *see* [Doc. 123], and again made this same request in his objections to Judge Neureiter's Recommendation, *see* [Doc. 130 at 4].

This Court has twice warned Plaintiff that "if he continues to file excessive and duplicative motions, the Court may consider imposing filing restrictions." [Doc. 61 at 10 (issued January 12, 2026)]; *see also* [Doc. 120 at 5 (issued April 17, 2026)]. And Judge Neureiter has advised Plaintiff that his excessive filings only have the effect of slowing down the progression of this litigation:

> Before the pro se status conference occurred in this case (which this Court conducts in every pro se case), Plaintiff filed dozens of pleadings, motions, and objections. Indeed, without service having been accomplished, there are today more than 100 docket entries. The Court would like to let Plaintiff know that the wheels of justice, although not turning at the speed that he would prefer, are indeed turning. With more than 350 cases on this magistrate judge's docket, the numerous written orders that all these cases require take some time to write and issue.
>
> . . .
>
> Filing motions every day, or every other day, to accomplish what the Court already told Plaintiff it would be doing, and which was reflected in the Court's minutes of the proceedings, . . . serves no purpose other than to exasperate the judicial officer and court staff charged with managing this litigation.

[Doc. 104 at 8–9]; *see also* [Doc. 120 at 5 (this Court explaining that "the District of Colorado is an extraordinarily busy judicial district, and filing duplicative motions will not result in Plaintiff getting an answer more quickly")].

This Court understands that Mr. Hessert is committed to this legal action and has a vested interest in its outcome. But "courts . . . are not required to expend judicial resources endlessly entertaining repetitive arguments." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990). This Court and Judge Neureiter have expended considerable resources managing this docket and ruling on Plaintiff's various motions, to

no avail; despite multiple admonishments and warnings, Mr. Hessert has continued to file repetitive, redundant, and excessive motions, making it clear that he is unable or unwilling to accept this Court's orders.   And his excessive filings and demands for immediate rulings have rendered his litigation conduct abusive and vexatious, rendering filing restrictions appropriate in this case.   *See Morrison v. Beemer*, No. 21-cv-00077-STV, 2022 WL 612393, at \*1, \*3–4 (D. Colo. Mar. 2, 2022) (recognizing that the plaintiff's "pattern of frivolous, repetitive filings and continued disregard for the court's orders denying [the plaintiff's] motions" constituted "abusive and frivolous litigation" and imposing filing restrictions based on 24 frivolous motions); *Garcia v. Waken*, No. 16-cv-01977-PAB-NYW, 2021 WL 4947236, at \*3 (D. Colo. Aug. 3, 2021) (recommending filing restrictions where the plaintiff ignored the Court's repeated explanations as to why his motions were without merit, which demonstrated that the plaintiff would "continue to file groundless, repetitive motions that [would] continue to take up [the Court's] limited judicial resources"), *recommendation adopted*, 2022 WL 970003 (D. Colo. Mar. 31, 2022).

**The Court concludes that the following filing restrictions are appropriate:**

Mr. Hessert will be restricted from filing any additional motion or document without leave of Court.   To obtain leave of Court to file a motion or document, Mr. Hessert must follow the following procedures:

(1) Mr. Hessert shall file a motion for leave to file a motion or document.

(2) The motion for leave must be mailed (or hand-delivered) to the Clerk of Court.   The Clerk of Court will no longer accept emailed submissions from Plaintiff.   Submissions made via email will be summarily rejected.

(3) The motion for leave must be accompanied by (a) a copy of the proposed motion or document; (b) a declaration that contains a short statement of the legal basis for the motion or document and a certification that the legal arguments in the proposed filing

are not frivolous or made in bad faith; and (c) a certification that complies with this Court's Standing Order Regarding the Use of Generative Artificial Intelligence ("AI") in Court Filings.

Any filing that fails to comply with these procedures, and any document filed without leave of Court, will be summarily stricken without substantive consideration and without further explanation.  Repeated failures to comply with these procedures or repeated filings submitted without leave of Court will result in sanctions.

**The Court does not impose these restrictions through this Order.**  Before these restrictions will be imposed, Plaintiff must be provided notice and an opportunity to oppose these restrictions.  *Andrews*, 483 F.3d at 1077.  Accordingly, on or before **May 27, 2026**, Mr. Hessert shall **SHOW CAUSE** why this Court should not impose the filing restrictions set forth above.  Plaintiff shall file one response to the Order to Show Cause. Should Plaintiff file more than one response, all responses after the first-filed will be stricken without substantive consideration.   **If Plaintiff does not respond by May 27, 2026, the filing restrictions will automatically take effect.**

**CONCLUSION**

For the reasons set forth in this Order, it is **ORDERED** that:

(1)   Plaintiff's Consolidated Third Motion to Correct Clerical Errors in Docket Entries Pursuant to Fed. R. Civ. P. 60(a) and 79(a) [Doc. 119] is **DENIED**;

(2)   On or before **May 27, 2026**, Mr. Hessert shall **SHOW CAUSE** why this Court should not impose the filing restrictions set forth in this Order.  Plaintiff shall file one response to the Order to Show Cause.  Should Plaintiff file more than one response, all responses after the first-filed will be stricken without substantive consideration; and

7

(3)    A copy of this Order shall be mailed to:

John T. Hessert
General Delivery
Bellingham, WA 98225


DATED:  May 6, 2026                      BY THE COURT:

_____
Nina Y. Wang
United States District Judge